LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
103 Cooper Street
Babylon, New York 11702
Tel. (631) 257-5588
promero@romerolawny.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SANTOS RUBIO,

                Plaintiff,

                                        **COMPLAINT**

    -against-

DEPENDABLE SANITATION CORP. and
ANTHONY NATALE,
                Defendants.
------------------------------------------------------------------X

       Plaintiff, SANTOS RUBIO, on behalf of himself and on behalf of all other persons similarly situated, by and through his attorney, Peter A. Romero, Esq., complaining of the Defendants, allege as follows:

## NATURE OF THE ACTION

    1.    Plaintiff brings this action to recover unpaid minimum and overtime wages that Defendants owe him and similarly situated current and former employees of Defendants under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## JURISDICTION AND VENUE

    2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

1

3. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

5. Defendants do business in the State of New York, within the Eastern District of New York, and maintain a place of business at 125 S. 16th Street, Lindenhurst, New York.

## PARTIES

6. The Plaintiff, SANTOS RUBIO, is a resident of the County of Suffolk, State of New York.

7. At all times relevant to the complaint, Plaintiff, SANTOS RUBIO, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

8. Plaintiff, SANTOS RUBIO, was a non-exempt employee of Defendants during the period January 2011 to January 2017.

9. Upon information and belief, Defendant, DEPENDABLE SANITATION CORP., was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

10. At all times relevant, DEPENDABLE SANITATION CORP., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

11. The Defendant, ANTHONY NATALE, was and still is an owner of DEPENDABLE SANITATION CORP.

12. The Defendant, ANTHONY NATALE, was and still is an officer of DEPENDABLE SANITATION CORP.

13. The Defendant, ANTHONY NATALE, was and still is a manager of DEPENDABLE SANITATION CORP.

14. At all times relevant, the Defendant, ANTHONY NATALE, had authority to make payroll and personnel decisions for DEPENDABLE SANITATION CORP.

15. At all times relevant, the Defendant, ANTHONY NATALE, was and still is active in the day to day management of DEPENDABLE SANITATION CORP., including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff and employees similarly situated to Plaintiff.

16. At all times relevant, the Defendant, ANTHONY NATALE, was and still is an "employer" within the meaning of federal and state wage and hour laws.

## FACTS

17. Plaintiff, SANTOS RUBIO, worked as a sanitation laborer and performed non-exempt duties for Defendants during the period January 2011 until January 2017.

18. Plaintiff, SANTOS RUBIO, regularly worked Monday through Friday. He began work each workday at 1:45 a.m. The number of hours Plaintiff worked each day varied from day to day. Plaintiff regularly finished work between 12:00 pm and 2:00 p.m.

19. Throughout his employment with Defendants, Plaintiff, SANTOS RUBIO, regularly worked more than forty hours in a workweek.

20. Plaintiff, SANTOS RUBIO, worked more than forty hours in most workweeks in which he was employed by Defendants but was not paid overtime pay.

.

21. The Defendants had control over the conditions of Plaintiff's employment, work schedule, the rates and methods of payment of Plaintiff's wages and the maintenance of his employment records.

22. Defendants paid Plaintiff at times, wholly or partially in cash, without providing an accurate indication as to their rate of pay, the hours worked each day, and the total number of hours worked each week.

23. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiff a premium for the hours he worked after forty (40) hours per week in violation of the FLSA.

24. Defendants failed to pay Plaintiff a premium for hours worked more than forty (40) hours per week throughout the entire term of Plaintiff's employment with the Defendants.

25. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiffs.

26. Defendants unlawfully failed to pay Plaintiff proper compensation in violation of NYLL Article 6, 190 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

27. Defendants failed to provide written notice to Plaintiff of his rate of pay; basis of his rate of pay; the regular pay day; the name, address and telephone number of the employer; and other information required by Section 195 of the New York State Labor Law.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT)

28. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

29. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiff a premium for the hours he worked after forty (40) hours per week in violation of the FLSA.

30. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

31. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

32. As a result of Defendants' unlawful acts, Plaintiff is entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR OVERTIME WAGES

33. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

34. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiff overtime pay for the hours they worked after forty (40) hours per week in violation of New York Labor Law.

35. By Defendants' failure to pay Plaintiff overtime wages for hours worked after 40 hours per week, Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

36. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### NEW YORK LABOR LAW SECTION 195

37. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

38. Defendants failed to provide Plaintiff with notice of his rate of pay; the basis of his rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Labor Law Section 195 of the Labor Law.

39. Defendants' failed to provide Plaintiff a wage statement with their wages as required by Labor Law Section 195(3).

40. Plaintiff is entitled to damages of $5,000 under New York Labor Law Section 195.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i.) Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(iii.) Unpaid overtime wages, pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iv.) Damages pursuant to New York State Labor Law §195;

(v.) All attorneys' fees and costs incurred in prosecuting these claims; and

(vi.) Such other relief as this Court deems just and proper.

Dated: Babylon, New York
February 7, 2017

LAW OFFICE OF PETER A. ROMERO PLLC

By: /s/ 

Peter A. Romero (PR-1658)
103 Cooper Street
Babylon, New York 11702
Tel. (631) 257-5588
promero@romerolawny.com

*Attorney for Plaintiff*